# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: June 14, 2018

```
* * * * * * * * * * * * * * * * * * * * * * * *
THOMAS PRESTIA,                    *
                                   *
            Petitioner,            *
                                   *
v.                                 *    No. 17-13V
                                   *    Special Master Sanders
SECRETARY OF HEALTH                *
AND HUMAN SERVICES,                *
                                   *
            Respondent.            *
* * * * * * * * * * * * * * * * * * * * * * * *
```

<u>Shealene P. Wasserman</u>, Muller Brazil LLP, Dresher, PA, for Petitioner.
<u>Ann D. Martin</u>, United States Department of Justice, Washington, DC, for Respondent.

### **DECISION**[1]

      On January 4, 2017, Thomas Prestia ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et. seq.*[2] ("Vaccine Act" or "Program"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration ("SIRVA") in his right shoulder as a result of a flu vaccination he received on September 29, 2015.[3] Petition, ECF No. 1. A fact hearing was held on December 13, 2017 to determine the onset and nature of Petitioner's injury. *See* Transcript of Proceedings, ECF No. 26. The undersigned issued a fact ruling on May 14, 2018. ECF No. 35. The undersigned found that Petitioner experienced a gradual onset of right shoulder pain and range of motion issues that began

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99–660, 100 Stat. 3755.

[3] Respondent's Rule 4(c) Report notes that "the petition does not expressly allege" SIRVA, but acknowledges that, "in consideration of the nature of the injury at issue, it appears that petitioner is attempting to advance a SIRVA claim." Resp't's Rept. at 6, ECF No. 15.

in February of 2016 and significantly improved in June of 2016, warranting discontinuation of treatment.  *Id.* at 40.

On June 13, 2018, Petitioner filed a Motion for a Decision Dismissing His Petition.  ECF No. 38.  In his Motion, Petitioner conceded that "[a]n investigation of the facts and science supporting his case have demonstrated to Petitioner that he will be unable to prove that he is entitled to compensation in the Vaccine Program."  *Id.* at 1.  Therefore, Respondent requested that the undersigned issue a decision dismissing his case.  *Id.*  Respondent had no objection to Petitioner's Motion.  *See* Informal Comm., dated June 14, 2018.

To receive compensation under the Program, Petitioner must prove either (1) that he suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that he suffered an injury that was actually caused by a vaccine.  *See* 42 U.S.C. §§ 13(a)(1)(A), 11(c)(1).  An examination of the record did not uncover any evidence that Petitioner suffered a "Table Injury."  Further, the record does not contain persuasive evidence that Petitioner's alleged injury was caused by the flu vaccine.

Under the Act, petitioners may not be given a Program award based solely on their claims alone.  Rather, the petition must be supported by medical records or the opinion of a competent physician.  41 U.S.C. § 13(a)(1).  In this case, the medical records are insufficient to prove Petitioner's claim, and Petitioner has not filed a supportive opinion from an expert witness.  Therefore, this case must be **dismissed for insufficient proof.  The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master
